UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BERNARD OTIS HUFF<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DOUG WADDINGTON,<br><br>　　　　Respondent. | Case No.  C06-5105RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**SEPTEMBER 22nd, 2006** |

　　This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed this action under 28 U.S.C. § 2254.

INTRODUCTION AND SUMMARY CONCLUSION

　　Petitioner challenges his Pierce County convictions for three counts of unlawful delivery of a controlled substance, one count of unlawful possession of a controlled substance with intent to deliver, and one count of bail jumping. Petitioner was sentenced to 144 months imprisonment on September 11th, 2002. The court has reviewed the file and concurs with the Washington State Assistant Attorney General that this petition is procedurally defaulted and time barred.  Accordingly,

REPORT AND RECOMMENDATION
Page - 1

the petition should be **DISMISSED.**

## FACTS AND PROCEDURAL HISTORY

The only issues raised by petitioner deal with his sentencing hearing. The Washington Court of Appeals summarized the facts of the hearing as follows.

> At his sentencing hearing Huff initially challenged an Illinois conviction for manufacturing a controlled substance (marijuana) and demanded that the State meet its burden to prove the conviction by a preponderance of the evidence. The trial court agreed and prepared to reschedule the sentencing hearing for later that week in order to allow the State time to obtain a certified copy of the Illinois judgment and sentence. But Huff personally objected to waiting a few days for the Illinois judgment and sentence. Instead, Huff advised the court that he wished to stipulate to the Illinois conviction so that he could be sentenced that day.
>
> Huff, his counsel, and the prosecutor then signed a typed stipulation, which stated that (1) the Illinois crime occurred on February 17, 1989; (2) it was equivalent to a class C felony in Washington and counted as three points toward his offender score; (3) none of his prior convictions listed in the stipulation had "'washed out' under [former] RCW 9.94A.360(2)"; (4) the criminal history and "scoring" listed in the stipulation were "correct"; and (5) his offender score was, therefore, also "correct." The stipulation did not provide the dates of Huff's conviction, sentence, incarceration, or release from confinement for the Illinois conviction or the length of his Illinois sentence. The next conviction noted after the 1989 crime was Huff's sentence in December 1996 for unlawful possession of a controlled substance, also a class C felony.
>
> Huff's offender score was 15 for the drug-related convictions and 9 for the bail-jumping conviction. The standard sentencing ranges were 108-144 months for the drug-related convictions and 51-60 months for the bail jumping.
>
> During the sentencing hearing, the State argued that the bail-jumping sentence should run consecutively to the drug offense sentences and that Huff should receive a high-end standard-range sentence. Huff argued that the sentences should run concurrently because (1) "the officers appeared to deliberately stack the offenses to boost the offender score"; and (2) if the police had arrested Huff after the first drug buy, his offender score would have been lower. The State countered that no deliberate stacking had occurred and that the officers were merely trying to gather information for a search warrant.
>
> The court sentence Huff to 144 months on each of the drug counts and to 60 months on the bail-jumping count, all sentences to run concurrently, for a total of 144 months confinement.

(Dkt. # 13, Exhibit 7).

Petitioner, through counsel appealed and argued:

1. The sentencing court erred in calculating the offender score and

2. Counsel provided ineffective assistance of counsel at the sentencing hearing.

REPORT AND RECOMMENDATION
Page - 2

(Dkt. # 13, Exhibit 3). Petitioner filed a pro se brief and argued:

1. Ineffective assistance of counsel

2. Insufficient evidence.

3. The trial Judge was bias.

4. Prosecutorial misconduct.

5. He should have only been convicted of simple possession of controlled substances rather than delivery.

(Dkt. # 13, Exhibit 5).

On December 9th, 2003 the Washington State Court of Appeals affirmed the conviction and sentence. (Dkt. # 13, Exhibit 7). On January 7th, 2004, two days before the deadline for filing a petition for review, Mr. Huff sought a 30 day extension of time. (Dkt. # 13, Exhibit 8). His motion was denied by the deputy clerk of the Washington Supreme Court. (Dkt. # 13, Exhibit 9). Thus, no motion for discretionary review was considered and no issue raised in the direct appeal was exhausted.

On February 10th, 2004 Mr. Huff filed a renewed motion for an extension of time, a motion to modify the clerks ruling, and an untimely motion for discretionary review. (Dkt. # 13, Exhibit 10 to 12). On April 6th, 2004 the Washington State Supreme Court denied the motion to modify the deputy clerk's ruling. (Dkt. # 13, Exhibit 13). Again, no issue was exhausted.

On November 8th, 2004 petitioner filed a motion for relief from judgment in the Pierce County Superior Court. (Dkt. # 13, Exhibit 15). Mr. Huff argued his Illinois conviction had "washed-out" and should not have been included in his offender score. The motion was transferred to the Washington State Court of Appeals to be handled as a Personal Restraint Petition.

On March 28th, 2005 the Washington State Court of Appeals summarily denied the petition as the issue had been raised and addressed on direct appeal. (Dkt. # 13, Exhibit 17). The court refused to revisit an issue it has already ruled on.

Petitioner filed a motion for reconsideration of the order denying his personal restraint petition. The Washington State Court of Appeals considered the motion as a motion for discretionary review and forwarded the motion to the State Supreme Court. (Dkt. # 13, Exhibit 18).

REPORT AND RECOMMENDATION
Page - 3

On July 7th, 2005 the court commissioner concurred with the Washington State Court of Appeal and held that the issue was addressed on direct appeal.  The commissioner held **in the alternative**:

> Even if Mr. Huff can now factually show that his 1989 conviction had washed out, because he affirmatively agreed at sentencing that the Illinois conviction had not washed out and was properly part of his offender score, and because he further waived any evidentiary hearing on the prior conviction, the trial court properly counted the conviction. *State v. Ross*, 152 Wn.2d 220, 230, 95 P.3d 1225 (2004). The judgment and sentence did not show on its face that the Illinois conviction had washed out, so Mr. Huff may not avoid the determination that he waived any error in the counting of the conviction. *See id.* at 231-32. Mr. Huff contends that he was mentally incompetent to stipulate to the counting of the Illinois conviction, but he does not show that to be the case.
>
> Moreover, Mr. Huff was not prejudiced by any error. Had the Illinois conviction not been counted, his offender scores for the drug crimes would still have exceeded nine, and thus his standard sentence range would have been the same, resulting in the same total prison term. *See State v. Argo*, 81 Wn. App. 552, 569, 915 P.2d 1103 (1996).

(Dkt. # 13, Exhibit 19, page 3). Thus no issue in this petition has been exhausted as the issues were procedurally defaulted by petitioner's failure to file a timely motion for discretionary review on his direct appeal.  His subsequent filings were not considered on the merits.

Mr. Huff then filed the Federal Habeas Corpus Petition now before the court.  He raises the following issues:

> Counsel was ineffective for failing to brief and argue for an exceptional downward sentence and for failing to argue the Illinois conviction "washed-out" and therefore should not be included in his offender score.

(Dkt. # 1).

### EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law.  Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence.

REPORT AND RECOMMENDATION
Page - 4

Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

## STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

A.  Exhaustion.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S.364, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4

REPORT AND RECOMMENDATION
Page - 5

(1982).

Petitioner's direct appeal exhausted no issues as he did not file a timely motion for discretionary review. (Dkt. # 13, Exhibits 8 through 13). His subsequent attempt to raise his ineffective assistance of counsel claim was procedurally barred in state court as the issues were considered by the State Court of Appeals on direct appeal. (Dkt. # 13, Exhibits 17 and 19). No issue has been exhausted.

B.     Procedural Bar.

Normally, a federal court faced with an unexhausted petition dismisses the petition without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court. Now, however, petitioner is barred from filing another petition in state court as any attempt to file another petition will be deemed successive and time barred. See, RCW 10.73.090 and 10.73.140.

Federal Courts generally honor state procedural bars unless it would result in a "fundamental miscarriage of justice." or petitioner demonstrates cause and prejudice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner here cannot show cause and prejudice in state court.

To show cause in federal court petitioner must show that some objective factor external to the defense prevented petitioner from complying with state procedural rules relating to the presentation of his claims. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). Here, petitioner simply failed to file a timely petition for discretionary review from his direct appeal. Thus, petitioner cannot show cause that excuses his procedural default in state court. Accordingly, the petition is procedurally defaulted and should not be considered.

C.     One Year Limitation Period of 28 U.S.C. § 2244(d)

In addition to being procedurally defaulted this petition is time barred. Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>     (A) the date on which the judgment became final by conclusion of direct review or

REPORT AND RECOMMENDATION
Page - 6

the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

At the latest, petitioner's conviction became final for purposes of 28 U.S.C. § 2244(d) 90 days after his conviction was affirmed on December 9th, 2003.[1] (Dkt. # 13, Exhibit 7). This means the statue began to run March 8th, 2004. Nothing was filed that tolled the statute for 245 days. The filing of a motion for an extension of time that was denied and the filing of untimely briefs did not toll running of the one year. On November 8th, 2004 the statute tolled when petitioner filed his motion for relief from judgment. (Dkt. # 13, Exhibit 15).

The one year time frame began to run again on July 8th, 2005 when the Washington State Supreme Court terminated review of his Personal Restraint Petition. (Dkt. # 13, Exhibit 19). The remaining 120 days on the one year ran expired on November 5th, 2005. This petition was not filed until February 16th, 2006 and is over three months time barred

CONCLUSION

This petition is procedurally barred and in the alternative time barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule

---

[1] Respondent argues the statute began to run 30 days after the Washington State Court of Appeals issued its ruling. While Respondent may be correct the court has used the more lenient 90 day time frame for filing a petition of Cert. with the Untied States Supreme Court.

REPORT AND RECOMMENDATION
Page - 7

72(b), the clerk is directed to set the matter for consideration on **September 22nd, 2006**, as noted in the caption.

Dated this 30th day of August, 2006.

>  */S/ J. Kelley Arnold*
>  J. Kelley Arnold
>  United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 8